LIGHTFOOT ET ALS. v THE BRANCH BANK AT DECATUR.

1. In a summary proceeding at the suit of a Bank, the Court will not, in order to re-verse a judgment, look to the notice and certificate found in the transcript; but if they are recited in the judgment entry, or are brought to the view of the Court by bill of exceptions, it will then be permissible to point out such defects as are shown by the judgment or bill.

2. Where a note was made for the payment of a debt due a Bank, in one, two and three years, under the provisions of the *second section* of the act of the thirtieth of June, 1837, it does not become due *in toto*, upon a failure to pay the first in-stalment.

THIS was a proceeding in the County Court of Morgan, at the suit of the Branch Bank at Decatur, by notice under its charter, to recover a debt of the defendants below. A judg-ment was rendered by that Court, at a term holden on the third Monday in February, 1839, as follows:

" The Branch of the Bank of the State of Alabama at Decatur.

v.

Goodrich Lightfoot, Henry W. Hodges, Wm. P. Borum.

Comes M. W. Lindsay, attorney for said Branch Bank, and produced the note of the defendants, dated Lawrence County, sixth September, eighteen hundred and thirty-seven, in which Goodrich Lightfoot as principal, and H. W. Hodges and Wm. P. Borum, as securities, jointly and severally promise to pay to the President and Directors of the Branch of the Bank of the State of Alabama at Decatur, two thousand dollars, in three annual instalments, on the first of May eighteen and thirty-eight, nine and forty, with interest at the rate of eight per cent. from date, in accordance with the provisions of the second sec-tion of an act, passed at the called session of eighteen hundred and thirty-seven, entitled an act to extend the time of indebt-edness, &c.; and also produced the certificate of H. Green, the President of said Branch Bank, setting forth, that said debt is wholly due and unpaid, and that it is really and *bona fide*, the property of said Branch Bank; and moved the Court for judg-

27

ment against said defendants, for said debt and interest thereon from the sixth day of September, eighteen hundred and thirty-seven, together with costs, &c.; and it appearing to the satisfaction of the Court, that the defendants severally had notice of this motion, thirty days previous to the making thereof, given by the President of said Branch Bank, under the seal of the same; and the defendants being called, came not, &c. It is therefore, considered by the Court, that said Branch Bank recover of the defendants, said sum of two thousand dollars debt, and two hundred and thirty-three and thirty-three-hundredths dollars damages, by way of interest, for the detention thereof; besides the costs of this motion. And the plaintiff's attorney comes into Court and enters a *remittitur*, for the sum of three hundred and forty dollars and fifty-four cents in part of this judgment, being an amount with interest paid since the commencement of this action."

To revise this judgment, a writ of error has been prosecuted to this Court.

PETERS, for the plaintiff in error,
No counsel appeared for the defendant.

COLLIER, C. J.—Several questions are attempted to be raised by the plaintiffs upon the notice, the initiatory process in the cause, and the certificate of the President of the Bank as to its property in the note; but it has been repeatedly held that, where these are merely referred to in the judgment, they will not be looked to in order to reversal, *unless from their recital there*, they appear to have been irregular, and furnish no warrant for the action of the Court in favor of the Bank. [Bates v. The Planters' and Merchants' Bank of Mobile, 8 Porter's Reports, 96; Curry v. The Bank of Mobile, 8 Porter's Reports, 360.] If, however, the judgment entry, or a bill of exceptions show the notice or certificate to be insufficient, the judgment in favor of the Bank must be reversed. [Roberts et al. v. The State Bank, 9 Porter's Rep. 312; Sale v. The Branch Bank at Decatur, 1 Ala. Rep. N. S. 425.]

In the case before us, the judgment was rendered by default, consequently no exception was taken to the notice and certifi-

cate ; and their recital in the judgment entry shows them to have been conformable to law.

The only assignments of error then, we can notice, are those which relate to the regularity of the judgment. In considering these, the material inquiry is, whether a note made for the payment of a debt due a Bank, in one, two and three years, under the provisions of the second section of the act of the 30th June, 1837, becomes due *in toto*, upon a failure to pay the first instalment ? That section provides that, all debts then due the State Bank or its Branches, or which might be running to maturity, should be divided into three annual instalments, as follows : one of twenty five per cent., to become payable during the months of March, April, May, or June, 1838 ; one of thirty-seven and a half per cent., to become payable during the months of March, April, May, or June, 1839 ; and one of thirty-seven and a half per cent., to become payable during the months of March, April, May, or June, 1840—the interest to be calculated at eight per cent. on the whole debt, up to the time when each instalment shall become due.

The act further provides, that the Governor, &c., shall issue five millions of State bonds, an equal amount of which; shall be deposited with the State Bank and each of its Branches, to be sold by them in aid of their respective capitals.

The twenty-first section of the act enacts, that the amount issued to the State Bank and its Branches, in State bonds, shall be lent to individuals not indebted to the Banks, in sums not exceeding two thousand dollars to any one, at an interest of seven per cent.—the persons applying for a loan, making notes payable in one, two and three years, with at least two good and sufficient securities, &c.

The twenty-sixth section enacts, that, " if any person, who shall borrow any sum or sums, under this act, shall fail to make payment of any instalment thereon, when it shall become due, the whole of the sum or sums so borrowed, or the entire balance remaining unpaid, shall become due; and the President of the proper Bank shall, at once proceed to collect the same."

The twenty-seventh section gives a summary remedy to the Bank against their debtors, " as in other cases under the charter of said Banks."

Under the influence of the twenty-sixth section, it has been decided that, if any person who borrowed money of the State Bank, or either of its Branches, under the provisions of the act of the 30th of June, 1837, fails to pay any instalment as it falls due, so much of the sum borrowed as remains unpaid, becomes due *instanter*, and the President of the proper Bank should proceed to collect the same. [Sale et al. v. The Branch Bank at Decatur, 1 Ala Rep. N. S. 425.]

But the twenty-sixth section, can by no rule of interpretation, be construed to embrace the case of an extended debt under the provisions of the second section ; in such a case, the remedy of the Bank and the liability of the debtor must be determined by a reference to the contract between the parties. Taking this principle as our guide, and it is clear that the judgment of the County Court cannot be sustained. The plaintiffs in error, by their note, promised to pay to the Branch Bank at Decatur, two thousand dollars, in instalments, on the first day of May, in 1838, '39, '40 ; these instalments to be regulated in amount by the second section of the act cited. The contract was absolute; and there being no statute giving to it an effect, other than its terms import, the plaintiffs in error were not bound to pay, on a day in advance of that which was agreed on. The recovery against them should have been for the amount of the instalment due at the time of the service of notice, with interest; but instead of being for that sum, a judgment was rendered for the aggregate amount of all the instalments. The judgment must consequently be reversed; and would be here rendered, did it not apppear that a payment was made to the Bank after the issuance of the notice. The precise time of this payment is not shown, so that interest cannot be calculated with exactness, and lest injustice be done to one of the parties by attempting it, we deem it safer to remand the cause.

It is unncessary to consider, whether the judgment is objectionable for an omission to show by the proper recitals, that the proceedings were in conformity to the charter of the Bank; as the form of a judgment furnished in the case of Clements et al. v. The Branch Bank at Montgomery, 1 Ala. Rep. N. S. 50, if observed will prevent errors in that respect in future.